So Ordered.

Dated: September 10, 2024



Katherine Maloney Perhach
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:                                                  Chapter 13
Randall Kerry Goff and
Dionida P. Goff,                                        Case No. 23-21549-kmp
               Debtors.

**DECISION AND ORDER ON CHAPTER 13 TRUSTEE'S AND FORMER CHAPTER 7 TRUSTEE'S OBJECTION TO CONFIRMATION OF THE PLAN**

      To be confirmable, a debtor's Chapter 13 plan must satisfy the best-interests-of-creditors test stated in § 1325(a)(4) of the Bankruptcy Code. To satisfy the best-interests-of-creditors test, holders of allowed unsecured claims in the Chapter 13 case must be paid through the Chapter 13 plan as much as they would receive if the debtor's estate were liquidated under Chapter 7. In this case, the Chapter 13 Trustee has objected to confirmation of the Debtors' plan, arguing that the Debtors' plan does not satisfy the best-interests-of-creditors test. The Trustee asserts that Debtor Randall Goff's interest in a self-settled Charitable Remainder Unitrust is property of the estate, that Randall Goff's interest in the Trust would be available for distribution to unsecured creditors in a hypothetical liquidation of the Debtors' estate in Chapter 7, and that to satisfy the best-interests-of-creditors test, the holders of allowed unsecured claims in the Debtors' Chapter 13 case must be paid no less than what they would receive if Mr. Goff's interest in the Trust had been liquidated under Chapter 7.

      In 1997, Debtor Randall Goff's mother passed away and he received an inheritance. Mr. Goff decided to place stock valued at approximately $220,000 into an irrevocable trust that would pay him quarterly distributions for his lifetime. Upon his death, the trustee would distribute the Trust principal to a charity, the Interlochen Center for the Arts. Mr. Goff named a relative, Mike Goff, as the trustee of the Trust.

Mr. Goff executed the Randall K. Goff Charitable Remainder Unitrust on August 4, 1998. The document transferred 10,000 shares of Blount International Inc. Class A Common Stock valued at $22.00 per share to the trustee of the Trust. It provides for a distribution of 5% of the net fair market value of the Trust assets to Mr. Goff each year during his lifetime, to be distributed by the trustee on a quarterly basis. It states:

> Commencing as of the date of this instrument and until the death of RANDALL K. GOFF, which period shall be called the "payment period," the trustee shall distribute to RANDALL K. GOFF for each taxable year of the trust, in equal quarterly installments, first from the net income, and to the extent that such net income is insufficient, from the principal of the trust, an amount (the "unitrust amount") equal to five percent of the net fair market value of the trust assets determined as of the first day of the taxable year.

Article II, section A. The Trust then provides that upon the death of Mr. Goff, the trustee shall distribute the Trust principal to the Interlochen Center for the Arts. Article II, section B. The Trust contains a provision that restricts the transfer of Mr. Goff's interest in the Trust:

> Except as otherwise provided by law, no interest of RANDALL K. GOFF hereunder shall be subject to anticipation, to claims for alimony or support, to voluntary transfer without the written consent of the trustee, or to involuntary transfer in any event.

Article II, section D, paragraph 7. Finally, the Trust provides that Mr. Goff "waive[s] irrevocably all rights, power, and authority to revoke this instrument or the trust hereby evidenced." Article V. The Trust instrument provides that it is governed by Michigan law. Article III, section E.

In 2022, Mr. Goff received quarterly distributions of $2,501.00 from the Trust. Docket No. 38. In 2023, quarterly distributions were $2,036.00. *Id.*

The Debtors filed a Chapter 7 bankruptcy case in April 2023. At the time, Mr. Goff was 76 years old. The Court granted the Debtors' motion to convert the case to Chapter 13 on September 27, 2023, after an evidentiary hearing and over the Chapter 7 Trustee's objection. Non-priority unsecured creditors have filed proofs of claim in the total amount of $54,912.83. The Debtors have proposed a Chapter 13 plan that will pay 19% of the total amount of allowed non-priority unsecured claims, for an estimated payment of $10,466.20.

For the Debtors' Chapter 13 plan to be confirmable, the Debtors must propose payments to their non-priority unsecured creditors of at least as much as those creditors would receive in a

Chapter 7 case. 11 U.S.C. § 1325(a)(4).[1] The question presented to the Court in this case is whether Mr. Goff's interest in the Trust is property of the Debtors' bankruptcy estate that would be available for creditors in a Chapter 7 case. If Mr. Goff's interest in the Trust is property of the bankruptcy estate that would be available for creditors in a Chapter 7 case, then to satisfy the best-interests-of-creditors test, the Debtors must pay their unsecured creditors no less than what they would receive if Mr. Goff's interest in the Trust had been liquidated under Chapter 7.

The Debtors argue that Mr. Goff's interest in the Trust is not part of the bankruptcy estate. They argue that if this were a Chapter 7 case, their creditors would not be entitled to the value of the quarterly distributions that Mr. Goff receives from the Trust or to the value of the corpus of the Trust. Consequently, they maintain that the best-interests-of-creditors test does not require Mr. Goff's interest in the Trust to be paid to their non-priority unsecured creditors in their Chapter 13 plan.

The Chapter 13 Trustee, on the other hand, argues that Mr. Goff's interest in the quarterly payments from the Trust for the rest of his life and the entire corpus of the Trust are property of the bankruptcy estate. He argues that if this were a Chapter 7 case, the Debtors' creditors would be entitled to the value of the quarterly distributions that Mr. Goff receives from the Trust and to the value of the corpus of the Trust. According to the Chapter 13 Trustee, to be confirmable and to satisfy the best-interest-of-creditors test, Mr. Goff's interest in the Trust must be paid to the Debtors' non-priority unsecured creditors in the Debtors' Chapter 13 plan.[2]

The issue before the Court is therefore whether and to what extent is the Randall K. Goff Charitable Remainder Unitrust property of the bankruptcy estate.

The filing of a bankruptcy petition creates an "estate" containing "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Section 541(c)(2) provides the following exclusion from the otherwise broad definition of "property of the estate":

> A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

---

[1] Section 1325(a)(4) provides that one of the requirements for confirmation of a Chapter 13 plan is that "the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date." This confirmation requirement is commonly referred to as the best-interests-of-creditors test.

[2] The former Chapter 7 Trustee has also objected that the Debtors' plan does not satisfy § 1325(a)(4). *See* Docket No. 85 ("the plan is not confirmable in that it returns less to unsecured creditors than if the assets were liquidated in a Chapter 7 plan.").

3

11 U.S.C. § 541(c)(2). "The natural reading of the provision entitles a debtor to exclude from property of the estate any interest in a plan or trust that contains a transfer restriction enforceable under any relevant nonbankruptcy law." *Patterson v. Shumate*, 504 U.S. 753, 758 (1992).

The "applicable nonbankruptcy law" in this case is Michigan state law. A debtor's property interests are created and defined by state law. *Butner v. United States*, 440 U.S. 48, 54-55 (1979) ("Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law."). The Trust states, "This instrument and all dispositions hereunder shall be governed by and interpreted in accordance with the laws of the State of Michigan." As a result, Michigan law determines whether and to what extent the Trust is property of the Debtors' bankruptcy estate.

Pursuant to § 541(c)(2) and § 541(a), Mr. Goff's interest in the Randall K. Goff Charitable Remainder Unitrust is property of the estate if: (1) Mr. Goff has a beneficial interest in the Trust; (2) the Trust restricts the transfer of Mr. Goff's beneficial interest in the Trust; and (3) the transfer restriction in the Trust is not enforceable under Michigan law.

Mr. Goff has a beneficial interest in the Trust. In 1997, Mr. Goff's mother passed away leaving certain assets to him. In 1998, Mr. Goff created the Randall K. Goff Charitable Remainder Unitrust, appointed a relative, Mike Goff, as trustee of the Trust, and funded the Trust with 10,000 shares of Blount International Inc. Class A Common Stock valued at $22.00 per share. Mr. Goff is a beneficiary of the Trust. The trustee of the Trust is required to distribute 5% of the net fair market value of the Trust assets to Mr. Goff each year during his lifetime. The distributions are required to be made on a quarterly basis. The Trust states as follows:

> Commencing as of the date of this instrument and until the death of RANDALL K. GOFF, which period shall be called the "payment period," the trustee shall distribute to RANDALL K. GOFF for each taxable year of the trust, in equal quarterly installments, first from the net income, and to the extent that such net income is insufficient, from the principal of the trust, an amount (the "unitrust amount") equal to five percent of the net fair market value of the trust assets determined as of the first day of the taxable year.

Upon Mr. Goff's death, the trustee of the Trust is required to distribute the remaining Trust assets to a charity, the Interlochen Center for the Arts. A trust has been created, Mr. Goff was the settlor of the Trust, a trustee has been appointed, Mr. Goff is the initial beneficiary of the Trust, and 5% of the net fair market value of the Trust is required to be distributed by the trustee to Mr. Goff on an annual basis via quarterly distributions during Mr. Goff's lifetime. Mr. Goff therefore has a beneficial interest in the Trust.

The Trust also restricts the transfer of Mr. Goff's beneficial interest in the Trust. The Trust states as follows:

> Except as otherwise provided by law, no interest of RANDALL K. GOFF hereunder shall be subject to anticipation, to claims for alimony or support, to voluntary transfer without the written consent of the trustee, or to involuntary transfer in any event.

Article II, section D, paragraph 7. The Michigan Supreme Court has explained that a spendthrift trust is a trust

> created to provide a fund for the maintenance of the beneficiary and at the same time to secure it against his improvidence or incapacity. In a narrower and more technical sense, a spendthrift trust is one that restrains either the voluntary or involuntary alienation by a beneficiary of his interest in the trust, or which, in other words, bars such interest from seizure in satisfaction of his debts. The name 'spendthrift trusts' is poorly descriptive, since no spendthriftiness or profligacy of a beneficiary is requisite to, or open to inquiry in determination of, the existence of such a trust.

*Fornell v. Fornell Equipment, Inc.*, 390 Mich. 540, 213 N.W.2d 172, 176 (1973). The Michigan Trust Code defines a "spendthrift provision" as "a term of a trust that restrains either the voluntary or involuntary transfer of a trust beneficiary's interest." Mich. Comp. Laws § 700.7103(j).[3] The Trust contains a provision that restricts the voluntary or involuntary transfer of Mr. Goff's beneficial interest in the Trust.

The critical question in this case is whether the transfer restriction in the Trust is enforceable under Michigan law. If the Trust's transfer restriction is enforceable under Michigan law, then by operation of § 541(c)(2), Mr. Goff's interest in the Trust is not property of the estate and cannot be reached by the Debtors' creditors. Conversely, if the Trust's transfer restriction is not enforceable under Michigan law, then Mr. Goff's interest in the Trust is property of the estate and the Debtors must propose to pay the value of Mr. Goff's interest in the Trust to the Debtors' creditors through the Chapter 13 plan.

Spendthrift trusts are valid and enforceable under Michigan law. *Fornell*, 213 N.W.2d at 176 ("Spendthrift trusts are upheld on the theory that the donor of the trust has the right to give his property on any condition he sees fit, and the beneficiary's creditors cannot complain that the settlor did not give his bounty to them."); *Kohut v. Lewiston Living Tr. (In re Lewiston)*, 532 B.R. 36, 42 (Bankr. E.D. Mich. 2015) ("Michigan common law has long recognized both the

---

[3] Michigan enacted the Michigan Trust Code in 2010. Mich. Comp. Laws § 700.7101 *et seq*. It applies to all trusts in Michigan, including trusts created before the Michigan Trust Code was enacted. Mich. Comp. Laws § 700.8206.

5

concept and the validity of a spendthrift trust provision."); Mich. Comp. Laws § 700.7502(1) ("a spendthrift provision is valid and enforceable.").

However, a spendthrift provision is not valid where the person creating the trust and the beneficiary are one and the same. *Fornell*, 213 N.W.2d at 176 ("A person cannot, however, create a true spendthrift trust for himself. Public policy does not permit a man to place his own assets beyond the reach of his creditors.").

The Michigan Trust Code provides that a settlor of a trust who is also a beneficiary may not use the trust as a shield against the settlor's creditors. Mich. Comp. Laws § 700.7506(1). With regard to a revocable trust, and regardless of any spendthrift provision included in the revocable trust, "During the lifetime of the settlor, the property of a revocable trust is subject to claims of the settlor's creditors." Mich. Comp. Laws § 700.7506(1)(a). With regard to an irrevocable trust, and regardless of any spendthrift provision included in an irrevocable trust, a creditor or assignee of the settlor may reach no more than the lesser of the following:

>  (i) The claim of the creditor or assignee.
> 
>  (ii) The maximum amount that can be distributed to or for the settlor's benefit exclusive of sums to pay the settlor's taxes during the settlor's lifetime.

Mich. Comp. Laws § 700.7506(1)(c).

In this case, the Randall K. Goff Charitable Remainder Unitrust is a self-settled trust and the restriction on the transfer of Mr. Goff's interest as stated in the Trust is unenforceable under Michigan law. Mr. Goff is the settlor of the Trust and he is also a beneficiary of the Trust. The Trust is an irrevocable trust. The Trust contains a restriction on transfers of Mr. Goff's interest in the Trust. Yet, under the Michigan Trust Code, Mr. Goff, the settlor and a beneficiary of the Trust, may not use the Trust as a shield against his creditors. As an irrevocable trust, and regardless of the spendthrift provision in the Trust, Mr. Goff's creditors can reach the lesser of "the claim of the creditor or assignee" or "the maximum amount that can be distributed to or for the settlor's benefit exclusive of sums to pay the settlor's taxes during the settlor's lifetime" as provided in the Michigan Trust Code. The transfer restriction in the Trust that attempts to shield Mr. Goff's interest from any claims made by Mr. Goff's creditors is unenforceable under Michigan law.

Pursuant to § 541(c)(2) and § 541(a), Mr. Goff's interest in the Randall K. Goff Charitable Remainder Unitrust is property of the estate because (1) Mr. Goff has a beneficial interest in the Trust; (2) the Trust restricts the transfer of Mr. Goff's beneficial interest in the Trust; and (3) the transfer restriction in the Trust is not enforceable under Michigan law.

Mr. Goff's interest in the Trust is property of the estate but the question that remains is what is Mr. Goff's interest in the Trust that would be available for distribution to unsecured creditors in a hypothetical liquidation under Chapter 7. To satisfy the best-interests-of-creditors test, the holders of allowed unsecured claims in this Chapter 13 case must be paid no less than what they would have received if Mr. Goff's interest in the Trust had been liquidated under Chapter 7.

According to the Michigan Trust Code, with respect to an irrevocable trust, a creditor or assignee of the settlor may reach no more than the lesser of the following:

>   (i) The claim of the creditor or assignee.
>
>   (ii) The maximum amount that can be distributed to or for the settlor's benefit exclusive of sums to pay the settlor's taxes during the settlor's lifetime.

Mich. Comp. Laws § 700.7506(1)(c).

Applying this provision of the Michigan Trust Code to this case, Mr. Goff's creditors may reach up to the maximum amount that can be distributed to Mr. Goff exclusive of sums to pay his taxes during his lifetime. The Trust provides for a distribution of 5% of the net fair market value of the Trust assets to Mr. Goff each year during his lifetime to be distributed by the trustee on a quarterly basis. It states:

> Commencing as of the date of this instrument and until the death of RANDALL K. GOFF, which period shall be called the "payment period," the trustee shall distribute to RANDALL K. GOFF for each taxable year of the trust, in equal quarterly installments, first from the net income, and to the extent that such net income is insufficient, from the principal of the trust, an amount (the "unitrust amount") equal to five percent of the net fair market value of the trust assets determined as of the first day of the taxable year.

The Trust then provides that upon the death of Mr. Goff, the trustee shall distribute the Trust principal to the Interlochen Center for the Arts. The maximum amount that the trustee can distribute to Mr. Goff each year is 5% of the net fair market value of the Trust assets determined as of the first day of the taxable year, payable in equal quarterly installments. This is the "maximum amount that can be distributed to or for the settlor's benefit." Under Mich. Comp. Laws § 700.7506(1)(c), Mr. Goff's creditors are entitled to 5% of the net fair market value of the Trust assets determined as of the first day of each taxable year, exclusive of sums to pay his taxes, during his lifetime. *See also In re Brown*, 303 F.3d 1261, 1268 (11th Cir. 2002) ("Where

7

the only interest a settlor has retained for herself under a trust is the right to income for life, it is solely this interest which her creditors can reach.").

The Court does not have sufficient evidence at this time to determine the present value of Mr. Goff's vested right to receive quarterly distributions from the Trust for the rest of his life. The Debtors' Chapter 13 plan proposes to pay 19% of the total amount of allowed nonpriority unsecured claims, for an estimated payment of $10,466.20. The Chapter 13 Trustee asserts that an "actuarially derived valuation of the Debtor's interest in future trust disbursements" is high enough that the Debtors must pay non-priority unsecured claims in full. Accordingly,

IT IS THEREFORE ORDERED: the Court will conduct a status conference on the Chapter 13 Trustee's objection to confirmation of the plan and the former Chapter 7 Trustee's objection to confirmation of the plan on **September 24, 2024 at 10:30 a.m.** by telephone. To appear by telephone, you must call the Court conference line at 1-888-675-2535, and enter access code 9918878 before the scheduled hearing time.

IT IS FURTHER ORDERED: the purpose of the status conference is to discuss how to determine what amount 11 U.S.C. § 1325(a)(4) requires the Debtors to pay non-priority unsecured creditors, including whether to schedule an evidentiary hearing to determine the value of Mr. Goff's interest in the Trust or how to otherwise establish an actuarially derived valuation of Mr. Goff's interest in future trust disbursements.

IT IS FURTHER ORDERED: the hearing on the Chapter 13 Trustee's objection to the Debtors' claim of exemptions is adjourned to **September 24, 2024 at 10:30 a.m.** by telephone.

IT IS FURTHER ORDERED: the hearing on the Debtors' objection to Claim No. 11 filed by the former Chapter 7 trustee is adjourned to **September 24, 2024 at 10:30 a.m.** by telephone.

#####